*In re* **KATSIS**, Kevin Gerard (MR 21211)
Riverside, IL

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. Respondent Kevin Gerard Katsis is supended from the practice of law for two years and until further order of the Court, with the suspension stayed after one year, pending completion of a two-year period of probation, subject to the following conditions, with those conditions set forth in subparagraphs (a) through (h) to take effect on the effective date of the final order of discipline:

a. Respondent shall continue his aftercare program at Rush Behavioral Health for a period of at least four months, and comply with all treatment recommendations, with the Administrator advised of any change in attendance deemed warranted by the treatment providers;

b. Respondent shall provide to his aftercare professionals at Rush Behavioral Health an appropriate release authorizing the treating professional to:

(1) disclose to the Administrator on at least a quarterly basis information pertaining to the nature of respondent's compliance with any treatment plan established with respect to respondent's condition;

(2) promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and

(3) respond to any inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plans;

c. Respondent shall notify the Administrator within 14 days of any change in treatment professionals;

d. Respondent shall, upon request by the Administrator, submit to random substance testing by a mental health professional or facility approved by the Administrator, within eight hours of receiving notice by the Administrator that he shall submit to the testing. The results of the tests shall be reported to the Administrator. Respondent shall pay any and all costs of such testing;

e. Respondent shall participate in Cocaine Anonymous, Narcotics Anonymous and/or another comparable 12-step self-help program by attending at least three meetings per week. Respondent is to maintain a log of his attendance at the meetings and submit it to the Administrator on a quarterly basis;

f. Respondent shall maintain a sponsor in the 12-step program and shall request that the sponsor communicate with the Administrator in writing on a quarterly basis regarding respondent's participation and progress in the 12-step program;

g. Respondent shall abstain from the usage of alcohol and any unprescribed controlled substances;

h. Respondent shall report to the Administrator any lapse in his sobriety or usage of any unprescribed controlled substances within 72 hours of that usage;

i. Respondent shall reimburse the Attorney Registration and Disciplinary Commission for the costs of this proceeding as defined in Supreme Court Rule 773;

j. At least 30 days prior to the termination of the period of probation, respondent shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct;

k. Respondent shall attend meetings scheduled by the Attorney Registration and Disciplinary Commission probation officer as requested by the Administrator. Respondent shall submit quarterly written reports to the Administrator concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

l. Respondent shall notify the Administrator within 14 days of any change of address;

m. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct; and

n. Probation shall be revoked if respondent is found to have violated any of the terms of probation described in subparagraphs (a) through (m) of this order, and respondent shall be suspended for the remaining one year of suspension and until further order of court, commencing on the date his probation is revoked. Suspension effective December 8, 2006.